William L. Underwood, Jr., J.
This is a motion by the defendant, Bohemia Fire District, for an order dismissing the action, upon the ground that it is barred by the 20-day period of limitation contained in section 82:00 of the Local Finance Law, which provides:
‘ ‘ After the publication of a resolution or certificate together with such a notice, the validity of the obligations authorized thereby may be contested only if.:
‘ ‘ 1. Such obligations were authorized for an object or purpose for which the municipality, school district or district corporation is not authorized to expend money, or
‘ ‘ 2. The provisions of law which should have been complied with at the date of the publication of such resolution or certificate were not substantially complied with, and an action, suit or proceeding contesting such validity is commenced within twenty days after such publication, or
‘ ‘ 3. Such obligations were authorized in violation of the provisions of the constitution.”
*838 It appears conceded by plaintiff that the action was not commenced within 20 days of the date of publication of the adoption of the resolution approving the bond issue to build a new firehouse.
Plaintiff takes the position, however, that her objections to the bond issue are grounded upon alleged violations of the Constitution, and that the 20-day limitation has no application to her cause of action.
This contention by plaintiff that the issues raised in her cause of action are of a “ constitutional nature ”, imposes a duty upon this court to interpret the intent of the Legislature in exempting a cause of action based upon a ‘ ‘ violation of the provisions of the Constitution ’ ’, from the 20-day period of limitation. (Local Finance Law, § 82:00, subd. 3.)
In the interpretation of statutes, the legislative will is the all important or controlling factor; accordingly, the primary rule of construction of statutes is to ascertain and declare the intention of the Legislature, and carry such intention into effect, although the expression is imperfect.
Stating the problem of interpretation with specificity, this court must determine whether the “ provisions of the constitution ” intended by the Legislature are limited to article VIII of the New York State Constitution dealing with local finances, or whether that term also embraces the “ due process ” and “ equal protection ’ ’ clauses of the Constitution as well.
In her complaint, the plaintiff contests the validity of the obligation upon the grounds that only residents of the fire district who were permanently registered were allowed to vote, and that insufficient prior notice of this requirement was given. The court need not determine, for the purposes of this motion, the legal merit of these allegations.
Article VIII of the New York State Constitution dealing with local finances, contains no provision as to the voting requirements upon a bond resolution adopted by the finance board of a fire district.
The requirements for voting upon a bond resolution adopted by a fire district are referred to in section 38:00 of the Lotial Finance Law entitled ‘ ‘ Referenda on bond resolutions or capital note resolutions; fire districts and other district corporations V, providing, to the extent here, applicable, as follows: “a. A bond resolution or a capital note resolution adopted by the finance board of a fire district shall not become effective unless it shah have been approved at a regular or .special election of such dis *839 trict in the manner provided in section one hundred and seventy-nine of the town law, as amended from time to time.”
Looking now to section 179 of the Town Law as referred to in the foregoing statute, it is entitled “ Special district elections to vote upon appropriations ”, and under subdivision 3 thereof are contained the requirements as to notice of the special election ; the hours the polls shall remain open; and the manner in which ballots are to be prepared.
Section 83:00 of the Local Finance Law sets forth the questions which the court must determine in an action contesting the validity of the obligation based upon a lack of substantial compliance of the requisite provisions of law. It is expressly provided therein, that the court may find such substantial compliance,
“ c. * * * notwithstanding any irregularity or failure to observe a technicality in: * * *
“ 2. The notice of the election or meeting to which such proposition or resolution was submitted or of the meeting at which the 'finance board adopted such resolution # * *
“ 4. The conduct of the election, meeting or meetings at which such proposition or resolution was adopted.
“ 5. The submission of such proposition more than once within one year or other shorter period than authorized by law.
“ 6. Like matters in such proceedings.” (Italics supplied.)
The court believes that the action at bar transcends allegations of meie “ irregularity ” or failure to observe a “ technicality ”, but rather, it raises questions which are not satisfied by the provisions of article VIII of the New York State Constitution or by the statutory provisions already discussed.
A reading of the Scope and Basis of the Local Finance Law by Stephen M. Launsberry, Esq. (McKinney’s Cons. Laws of N. Y., Book 33, Local Finance Law, pp. VII-XVI; and Historical Note, p. 230) leads this court to the conclusion that the right to a public vote upon propositions involving the expenditure of funds by local government, was intended to be fully afforded and safeguarded by the Legislature in its enactment of the Ldcal Finance Law.
It is well settled that statutes which are designed to promote the public good will receive a liberal construction and are expounded in such a manner that they may, as far as possible, attain the end in view.
Applying the foregoing maxim, this court determines that the legislative intent in freeing a cause of action alleging u violations of the provisions of the constitution ’ ’ from the 20-day- *840 period of limitation, was to permit unrestricted litigation of objections having constitutional dimension, including, but not limited to, the provisions of article VIII of the New York State Constitution.
The court finds therefore, that plaintiff’s cause of action is founded upon constitutional objections within the framework of subdivision 3 of section 82:00 of the Local Finance Law and is not barred by the 20-day period of limitation as asserted by the defendant. The motion to dismiss, is therefore, denied.